UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINIT MART LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SYNERGY PETROLEUM ENTERPRISES, INC.,<br><br>    Defendant. | Case No. 23-cv-02734-TSH<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 3 |

    Plaintiff Minit Mart LLC filed a complaint for breach of contract and declaratory judgment against Defendant Synergy Petroleum Enterprises, Inc., alleging Synergy failed to perform its obligations under an April 14, 2023 Purchase and Sale Agreement. The purchase agreement requires the parties to keep its terms and the nature of the transaction confidential. Specifically, paragraph 39 of the agreement states:

> Furthermore, Buyer and Seller shall keep confidential the terms of this Agreement and the transactions contemplated hereby; *provided* however, Buyer may share any and all of the terms of this Agreement with its financing source to the extent Buyer deems necessary or appropriate.

Compl., Ex. A (emphasis in original). Based on this provision, Minit Mart moves to seal the unredacted purchase agreement pursuant to Civil Local Rule 79-5(f). ECF No. 3.

    "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Courts generally apply a "compelling reasons" standard when considering motions to seal, recognizing that "a strong presumption in favor of access is the

starting point." *Id.* (cleaned up).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (cleaned up).  By contrast, a "good cause showing" under Federal Rule of Civil Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180.

A complaint is "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, because it forms "the foundation of the lawsuit." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2018 WL 9651897, at *2 (N.D. Cal. Jan. 3, 2018) (collecting cases).  Accordingly, the compelling reasons standard applies.

Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020).  Where, as here, a filing party (the "Filing Party") seeks to seal a filed document because that document has been designated as confidential by another party (the "Designating Party"), the Filing Party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  Civ. L. R. 79-5(f).  This motion must identify each document or portions thereof for which sealing is sought. *Id.*  "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" including "a specific statement of the applicable legal standard and the reasons for keeping a document under seal."  Civ. L. R. 79-5(c)(1), (f).  That statement must include (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.  Civ. L. R. 79-5(c)(1).  A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without notice to the Designating Party. *Id.*

Here, there appears to be no reason to file the documents under seal.  For its part, Minit Mart has no objection to the agreement or its terms appearing in the public record.  Mot. at 2; Meckes Decl. ¶ 4, ECF No. 3-1.  Synergy has not filed a response, despite three extensions of time

in which to do so. *See* ECF Nos. 14-15, 18. Further, the fact that the purchase agreement requires the parties to keep its terms and the nature of the transaction confidential, on its own, is not sufficient to establish it is sealable, as it is merely establishes the parties' initial designation of confidentiality. *See In re Qualcomm Antitrust Litig.*, 2022 WL 4137580, at *2 (N.D. Cal. Aug. 26, 2022) ("A designation of 'confidential' or 'confidential – attorneys' eyes only' is not sufficient to establish that a document is sealable."); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015), *aff'd*, 830 F.3d 1335 (Fed. Cir. 2016) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)).

Accordingly, the Court **DENIES** the motion to seal. Minit Mart shall file the items at issue in the public record no sooner than three days and no later than seven days from the date of this order.

**IT IS SO ORDERED.**

Dated: July 26, 2023

THOMAS S. HIXSON
United States Magistrate Judge