UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINIT MART LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SYNERGY PETROLEUM ENTERPRISES, INC.,<br><br>        Defendant. | Case No. 23-cv-02734-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 33 |

The parties have filed a joint discovery letter brief concerning Minit Mart's interrogatories ("rogs") 7-10 and 15.

Rog 7 asks Synergy to "[i]dentify all communications by or on behalf of Minit Mart in which You contend that Minit Mart made any representation regarding the valuation of the Properties, and for each such communication, specify: (1) the exact language of such alleged representation; (2) the person(s) who allegedly made such representation: (3) the person(s) to whom such alleged representation was allegedly made; (4) the medium of such alleged representation (e.g., telephone, email, in person, letter); and (5) the date such representation was allegedly made."

This is a narrowly focused rog directed to a specific topic, namely, representations regarding the valuation of the properties. The detail the rog seeks is therefore appropriate. The Court finds that Synergy has not answered this rog. Other than some quoted language in the original response to rog 7, Synergy has not provided the exact language of the alleged representations. Synergy has also failed to specify the people who made the representations. The supplemental rog response says "Minit Mart and its representatives/agents, including Russell

1     Robben and its broker, made false representations regarding the value of the portfolio of properties
2     . . ." That just lists Robben as an example and does not provide the names of every individual who
3     made representations concerning the value of the properties.  Further, as to the people to whom
4     such representations were made, the supplemental rog response lists three people by name
5     (Alzghoul, Sabahi and Olson) but doesn't say if they were the only such people.  For the examples
6     that are listed, the supplemental response sometimes specifies the representations were made in
7     phone conversations, but mostly fails to provide the detailed information requested by subpart 4 of
8     the rog.  And, since only examples of representations are listed, this means the medium of other
9     alleged representations is not specified at all.  Further, other than a reference to April 2023 (which
10    is not a date but more of a date range), the rog response does not specify the dates of the
11    representations.  The supplemental response concludes by saying that "Responding Party is unsure
12    of the dates of such conversations," but it's unclear if that refers merely to the preceding sentence
13    or all of the conversations.  The Court **ORDERS** Synergy to supplement its response to rog 7
14    within 30 days.
15           With respect to representations made in email or letter, the Court expects that Synergy
16    should be able to provide all the requested information.  If Synergy believes an email or letter was
17    sent that contained responsive information, but it has since been lost or destroyed and therefore
18    Synergy cannot provide all the requested information, then the rog response must state that.  For
19    representations made in person or on the phone, the Court realizes that the rog response depends
20    on human memory.  Synergy must interview the appropriate people and provide as much of the
21    requested information as it is able to obtain.  Importantly, the rog response must provide all the
22    requested information that Synergy is able to obtain, and it must say that Synergy has no further
23    information available to it.  For example, in responding to subpart 2 of rog 7, Synergy must say
24    something like: "After diligent investigation, Synergy has identified the following people who
25    made such representations, and Synergy is aware of no others," and then list their names.  In other
26    words, Synergy isn't required to know more than it knows after having done a diligent
27    investigation, but it is required to conduct a diligent investigation, disclose what it learns as a
28    result of that investigation, and then say it doesn't know anything more than that.

Minit Mart makes additional arguments that Synergy failed to contend that the representations about the stores being open for business and doing well were false, and how they were false, and Minit Mart makes a similar argument about the car washes. Minit Mart also says that it's unclear whether Synergy is relying on representations about contract status and negotiations. The Court does not think that any of that information is responsive to rog 7. Rog 7 is limited to representations by Minit Mart concerning the valuation of the properties. Rog 7 does not ask Synergy to identify false representations, or to say why they are false; nor does it ask about anything other than valuation of the properties.

Rogs 8, 9, 10 and 15 ask Synergy to "[i]dentify each fact that forms the basis (in whole or in part) for" its second (unclean hands), third (estoppel), fourth (waiver) and fifteenth (fraud) affirmative defenses. Although the rog asks for "each fact" that supports each defense, the Court thinks that the level of detail required of Synergy requires a practical analysis. For rogs 8, 9 and 10, Synergy's existing responses make clear what its unclean hands, estoppel and waiver defenses are. The responses identify the conduct that forms the basis for each defense and provide some examples of specific actions in conformity with that conduct. That's good enough for these affirmative defenses.

But the existing response to rog 15 does not disclose what Synergy's fraud defense is. Like the response to rog 7, the response to rog 15 describes generalized conduct and lists some examples of representations. That's not a fraud defense. It doesn't matter that the response to rog 15 is basically the same as the responses to rogs 8, 9 and 10, which the Court has deemed adequate. The Court's practical analysis must take into account that fraud must be pled with particularity. *See* Fed. R. Civ. Proc. 9(b). Between the one-sentence-long fifteenth affirmative defense in the Answer and the existing response to rog 15, there is no particularity to this fraud defense. Synergy has not provided the "who, what, where and when" for its fraud claim. As with rog 7, the Court understands the limits of human memory, but Synergy's current response to rog 15 is too generalized and vague to describe a fraud defense. Accordingly, the Court **ORDERS** Synergy to supplement its response to rog 15 within 30 days.

In sum, the Court **GRANTS** Minit Mart's motion to compel as to rogs 7 and 15 and

1 | **DENIES** it as to rogs 8, 9 and 10.

2 |     **IT IS SO ORDERED.**

4 | Dated: May 8, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge