1
2
3
4                      UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7    MINIT MART LLC,                          Case No.  23-cv-02734-TSH
8                     Plaintiff,
                                              **ORDER GRANTING IN PART AND**
9            v.                               **DENYING IN PART DEFENDANT'S**
                                              **ADMINISTRATIVE MOTIONS TO**
10   SYNERGY PETROLEUM ENTERPRISES,           **CONSIDER WHETHER ANOTHER**
     INC.,                                    **PARTY'S MATERIAL SHOULD BE**
11                                            **SEALED**
                     Defendant.
12                                            Re: Dkt. Nos. 45, 57
13
14                          **I.     INTRODUCTION**
15          Plaintiff Minit Mart LLC ("Minit Mart") filed a complaint for breach of contract and

16   declaratory judgment against Defendant Synergy Petroleum Enterprises, Inc. ("Synergy"), alleging

17   Synergy failed to perform its obligations under an April 14, 2023, Purchase and Sale Agreement.

18   ECF No. 20.  Pending before the Court are two Administrative Motions to Consider Whether

19   Another Party's Material Should Be Sealed filed by Synergy in connection with its Motion for

20   Summary Judgment.  ECF Nos. 45, 57.  Minit Mart requests that some documents be sealed on the

21   grounds that disclosure would cause competitive harm and that much of the information is subject

22   to confidentiality agreements with third parties.  ECF Nos. 50, 59.  Minit Mart does not request

23   that the remaining documents be sealed.  *Id.*  For the reasons set forth below, the Court **GRANTS**

24   **IN PART and DENIES IN PART** each Motion.[1]

25
26
27   _____
28   [1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF
     Nos. 9, 17.

United States District Court
Northern District of California

## II.     LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7 (1978)).  Courts generally apply a "compelling reasons" standard when considering motions to seal, recognizing that "a strong presumption in favor of access is the starting point." *Id.* (cleaned up).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (cleaned up).  By contrast, a "good cause showing" under Federal Rule of Civil Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180.

Here, the documents at issue were filed by Synergy in connection with its Motion for Summary Judgment.  ECF Nos. 45, 57.  Motions for summary judgment, along with their attached documents, are more than tangentially related to the merits of a case. *See Ctr. for Auto Safety*, 809 F.3d at 1098 ("while discovery-related motions are often unrelated to the merits of a case, the same cannot be said for materials attached to a summary judgment motion because summary judgment adjudicates substantive rights and serves as a substitute for trial") (cleaned up); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *2 (N.D. Cal. June 01, 2020) ("Because the parties seek to seal portions and documents which pertain to summary judgment motions, the Court applies the compelling reasons standard to these documents.").  Accordingly, the compelling reasons standard applies.

Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis*, 2020 WL 2838812, at *1.  Where, as here, a filing party (the "Filing Party") seeks to seal a filed document because that document has been designated as confidential by another party (the "Designating Party"), the Filing Party must file an Administrative Motion to Consider Whether Another Party's

2

United States District Court
Northern District of California

Material Should Be Sealed.  CIV. L.R. 79-5(f).  This motion must identify each document or portions thereof for which sealing is sought.  *Id.*  "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" including "a specific statement of the applicable legal standard and the reasons for keeping a document under seal."  *Id.* at 79-5(c)(1), (f).  That statement must include (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.  *Id.* at 79-5(c)(1).  A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without notice to the Designating Party.  *Id.*

## III.    DISCUSSION

### A.    ECF No. 45

On May 1, 2025, Synergy filed an Administrative Motion, pursuant to Civil Local Rule 79-5, in connection with its Motion for Summary Judgment.  ECF Nos. 45, 45-3.  Synergy moves to file sixteen documents under seal on the basis that they were designated as "Confidential" or "Highly Confidential, Attorneys' Eyes Only" by Minit Mart:

- Exhibit L to Declaration of Matthew D. Marca ("Marca Ex. L") (ECF No. 45-18)
- Exhibit M to Declaration of Matthew D. Marca ("Marca Ex. M") (ECF No. 45-19)
- Exhibit O to Declaration of Matthew D. Marca ("Marca Ex. O") (ECF No. 45-21)
- Exhibit P to Declaration of Matthew D. Marca ("Marca Ex. P") (ECF No. 45-22)
- Exhibit Q to Declaration of Matthew D. Marca ("Marca Ex. Q") (ECF No. 45-23)
- Exhibit R to Declaration of Matthew D. Marca ("Marca Ex. R") (ECF No. 45-24)
- Exhibit S to Declaration of Matthew D. Marca ("Marca Ex. S") (ECF No. 45-25)
- Exhibit T to Declaration of Matthew D. Marca ("Marca Ex. T") (ECF No. 45-26)
- Exhibit U to Declaration of Matthew D. Marca ("Marca Ex. U") (ECF No. 45-27)
- Exhibit V to Declaration of Matthew D. Marca ("Marca Ex. V") (ECF No. 45-28)
- Exhibit W to Declaration of Matthew D. Marca ("Marca Ex. W") (ECF No. 45-29)
- Exhibit X to Declaration of Matthew D. Marca ("Marca Ex. X") (ECF No. 45-30)
- Exhibit Y to Declaration of Matthew D. Marca ("Marca Ex. Y") (ECF No. 45-31)
- Exhibit Z to Declaration of Matthew D. Marca ("Marca Ex. Z") (ECF No. 45-32)

1       • Declaration of Scott Olson (ECF No. 45-33)

2       • Exhibit A to Declaration of Robert E. Unell ("Unell Ex. A") (ECF No. 45-38)

3   ECF No. 45.  Synergy also moves to seal certain portions of four documents as they quote from

4   and discuss these documents:

5       • Defendant's Motion for Summary Judgment ("MSJ") (ECF No. 45-3)

6       • Defendant's Separate Statement of Undisputed Material Facts (ECF No. 45-4)

7       • Declaration of Matthew D. Marca (ECF No. 45-13)

8       • Declaration of Robert E. Unell (ECF No. 45-37)

9   *Id.*

10      On May 8, 2025, Minit Mart filed a Response to Synergy's first Administrative Motion

11  requesting sealing of eleven documents:  Marca Ex. L; Marca Ex. O; Marca Ex. P; Marca Ex. Q;

12  Marca Ex. R; Marca Ex. S; Marca Ex. T; Marca Ex. U; Marca Ex. V; Marca Ex. Y; and Marca Ex.

13  Z.  ECF No. 50.  Minit Mart also requests sealing of select portions in three documents:  MSJ at

14  6:3–14; Unell Declaration ¶¶ 10–12; Unell Ex. A ¶¶ 50–52 and the email screenshots shown on

15  Unell Ex. A, at pages 9–15.  *Id.*  In support of its request, Minit Mart submits a declaration from

16  Russell Robben setting forth the bases for sealing each document.  *See* Declaration of Russell

17  Robben in Support of Plaintiff's Response (ECF No. 50-1).

18      All of Minit Mart's sealing requests relate to exhibits and portions of briefings that discuss

19  confidential business documents.  ECF No. 50.  Minit Mart argues that each document at issue

20  contains competitively sensitive business information provided by third parties that is subject to

21  either non-disclosure or confidentiality agreements.  *Id.*  Marca Exhibits L, and O through V,

22  relate to third-party bid documents submitted confidentially—the documents include bidder

23  identities, proposals, and financial information which constitute business methods.  ECF No. 50-1

24  at 1:27–2:11.  Synergy's Motion for Summary Judgment discusses these confidential bidder

25  identities and commercial terms.  *Id.* at 2:4–6.  Marca Exhibit Z is a purchase and sale agreement

26  between Minit Mart and a third party that contains confidential transaction terms and conditions.

27  *Id.* at 2:12–16.  The Unell Declaration and Unell Exhibit A discuss confidential financial terms of

28  the agreement in Marca Exhibit Z.  *Id.* at 2:17–19.  Unell Exhibit A also discloses emails that

United States District Court
Northern District of California

4

1    discuss confidential financial terms and valuations of leases involving Minit Mart's affiliate Quik

2    Stop.  *Id.* at 2:17–34.

3        The Court has reviewed the requested portions to be sealed and finds Minit Mart's requests

4    are narrowly tailored to the confidential business documents.  The Court agrees that there are

5    compelling reasons to seal the requested portions as they relate to the confidential business

6    documents.  *See Regis Metro Associates, Inc. v. NBR Co.*, LLC, No. 20-cv-02309-DMR, 2022 WL

7    267443, at *14 (N.D. Cal. Jan. 28, 2022) (granting motion to seal because "[a]ll of the documents

8    contain sensitive business information or may be subject to confidentiality agreements"); *In re*

9    *Qualcomm Antitrust Litig.*, No. 17-MD-02773-JSC, 2022 WL 4137580, at *2 (N.D. Cal. Aug. 26,

10   2022) (sealing documents containing "details of specific license agreements and licensing

11   negotiations[,]" including "details of business and pricing strategies"); *Nicolosi Distributing, Inc.*

12   *v. Finishmaster, Inc.*, No. 18-cv-03587-BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018)

13   ("[C]ompelling reasons exist [to seal the contracts] because they contain proprietary and

14   confidential business information, including potential trade secrets and business practices, such as

15   product rates and purchase requirements.").

16       Accordingly, the Court **GRANTS** Synergy's first administrative motion to seal Marca Ex.

17   L (ECF No. 45-18), Marca Ex. O (ECF No. 45-21), Marca Ex. P (ECF No. 45-22), Marca Ex. Q

18   (ECF No. 45-23), Marca Ex. R (ECF No. 45-24), Marca Ex. S (ECF No. 45-25), Marca Ex. T

19   (ECF No. 45-26), Marca Ex. U (ECF No. 45-27), Marca Ex. V (ECF No. 45-28), Marca Ex. Y

20   (ECF No. 45-31), Marca Ex. Z (ECF No. 45-32).  With respect to the Unell Declaration (ECF No.

21   45-37) and Unell Ex. A (ECF No. 45-38), the Court **ORDERS** these documents to remain sealed

22   and **ORDERS** Synergy to file a redacted version of these documents in the public record within

23   four days with the following redactions:  Unell Declaration (¶¶ 10–12); Unell Ex. A (¶¶ 50–52 and

24   email screenshots shown on pp. 9–15)

25       In its first Response, Minit Mart states that it does not request sealing of Marca Exhibits

26   M, W, or X, or the Olson Declaration.  ECF No. 50.  Accordingly, the Court **DENIES** Synergy's

27   first administrative motion to seal Marca Ex. M (ECF No. 45-19), Marca Ex. W (ECF No. 45-29),

28   Marca Ex. X (ECF No. 45-30), and the Olson Declaration (ECF No. 45-33), and Synergy is

United States District Court
Northern District of California

hereby **DIRECTED** to file the items at issue in the public record no sooner than three days and no later than seven days from the date of this order.

Although Minit Mart does not explicitly request sealing of the other portions of Synergy's Motion for Summary Judgment (ECF No. 45-3) (at 9:8–10, 14:17, 17:19–20), Synergy's Statement of Facts (ECF No. 45-4),[2] or the Marca Declaration (ECF No. 45-13), the Court finds that compelling reasons exist to seal these documents as they discuss documents that the Court concludes are appropriate for sealing. However, Synergy did not file redacted versions on the public docket for its Statement (ECF No. 45-4) or the Marca Declaration (ECF No. 45-13). With respect to the Statement (ECF No. 45-4) and the Marca Declaration (ECF No. 45-13), the Court **ORDERS** these documents to remain sealed and **ORDERS** Synergy to file a redacted version of these documents in the public record within four days with the following redactions: Statement (¶¶ 40–42); Marca Declaration (3:17).

Moreover, for Synergy's Motion for Summary Judgment, Synergy's redacted version filed on the public docket (ECF No. 49) contains redactions that are not reflected in Synergy's unredacted version (ECF No. 45-3). Having compared the two, the Court concludes that the redacted MSJ (ECF No. 49) contains the correct redactions. With respect to the MSJ (ECF No. 45-3), the Court **ORDERS** this document to remain sealed. As a public redacted version has already been filed, no further action is needed as to this document.

**B.    ECF No. 57**

On June 9, 2025, Synergy filed an Administrative Motion, pursuant to Civil Local Rule 79-5, in connection with its Motion for Summary Judgment. ECF Nos. 57, 57-3. Synergy moves to seal certain portions of five documents on the basis that they quote from and discuss documents designated as "Confidential" or "Highly Confidential, Attorneys' Eyes Only" by Minit Mart:

---

[2] In a filing separate from these motions, Minit Mart seemingly agrees that Synergy's Statement of Facts and its accompanying Motion for Summary Judgment should be sealed. *See* Plaintiff's Controverting Statement of Facts in Opposition to Defendant's Motion for Summary Judgment at 14 n.1 (ECF No. 52) ("Minit has redacted information from Synergy's Statement of Facts (ECF 48) that is repeated here to conserve judicial resources on yet another motion to seal. Minit submitted a motion to seal information in Synergy's Statement of Facts per Civ. L.R. 79-5(f)(3), which covers the information redacted here. ECF 50.").

United States District Court
Northern District of California

1    • Defendant's Reply to Plaintiff's Opposition ("Reply") (ECF No. 57-3)

2    • Defendant's Response to Plaintiff's Controverting Statement of Facts ("Response")

3        (ECF No. 57-4)

4    • Declaration of Matthew D. Marca ("Marca Decl. #2") (ECF No. 57-5)

5    • Exhibit B to Declaration of Matthew D. Marca ("Marca Ex. B") (ECF No. 57-7)

6    • Objections to Declaration of Russell Robben ("Objections") (ECF No. 57-8)

7    ECF No. 57.

8        On June 12, 2025, Minit Mart filed a Response to Synergy's second Administrative

9    Motion requesting sealing of the redacted portions in four documents:  Synergy's Reply;

10   Synergy's Response; Marca Ex. B; and Synergy's Objections.  ECF No. 59.  In support of its

11   request, Minit Mart submits a declaration from Russell Robben setting forth the bases for sealing

12   each document.  *See* Declaration of Russell Robben in Support of Plaintiff's Response (ECF No.

13   59-1).

14       All of Minit Mart's sealing requests relate to exhibits and portions of briefings that discuss

15   confidential business documents.  ECF No. 59.  Minit Mart argues that each document at issue

16   contains competitively sensitive business information provided by third parties that is subject to

17   either non-disclosure or confidentiality agreements.  *Id.*  Synergy's Reply, Synergy's Response,

18   Marca Exhibit B, and Synergy's Objections repeat the same confidential information included in

19   Synergy's Motion for Summary Judgment and supporting documents.  *Id.* at 1:22–2:3 (citing ECF

20   No. 59-1 ¶¶4–5).

21       The Court has reviewed the requested portions to be sealed and finds Minit Mart's requests

22   are narrowly tailored to the confidential business documents.  The Court agrees that there are

23   compelling reasons to seal the requested portions as they relate to the confidential business

24   documents.  *See, e.g., Regis*, 2022 WL 267443, at *14.

25       Accordingly, the Court **GRANTS** Synergy's second administrative motion to seal

26   Synergy's Reply (ECF No. 57-3), Synergy's Response (ECF No. 57-4), Marca Ex. B (ECF No.

27   57-7), and Synergy's Objections (ECF No. 57-8).  As the redacted versions of these documents

28   have already been filed in the public record, no further action is needed with respect to these

United States District Court
Northern District of California

7

1   documents.

2       In its second Response, Minit Mart does not request sealing of the second Marca

3   Declaration (ECF No. 57-5).  ECF No. 59.  However, Synergy filed the second Marca Declaration

4   with Exhibit B attached (ECF No. 57-5) and also filed Exhibit B separately (ECF No. 57-7).  As

5   discussed above, compelling reasons exist to seal Exhibit B.  Accordingly, the Court **GRANTS**

6   Synergy's second administrative motion to seal ECF No. 57-5, and Synergy is hereby

7   **DIRECTED** to file the second Marca Declaration in the public record without Exhibit B attached

8   within four days.

9                              **IV.    CONCLUSION**

10      For the foregoing reasons, each of Synergy's Administrative Motions is **GRANTED IN**

11  **PART** and **DENIED IN PART**.

12      **IT IS SO ORDERED.**

13

14  Dated:  July 14, 2025

15

16                                              THOMAS S. HIXSON
                                                United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28