UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MINIT MART LLC,

           Plaintiff,

   v.

SYNERGY PETROLEUM ENTERPRISES, INC.,

           Defendant.

Case No. 23-cv-02734-TSH

**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND INTEREST**

Re: Dkt. No. 68

## I.    INTRODUCTION

Plaintiff Minit Mart LLC ("Minit Mart") initiated this contract action against Defendant Synergy Petroleum Enterprises, Inc. ("Synergy") alleging that Synergy breached the terms of the parties' Purchase and Sale Agreement ("PSA").  ECF No. 20.  Pending before the Court is Minit Mart's Motion for Attorneys' Fees and Interest.  ECF No. 68 ("Mot.").  For the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** Minit Mart's motion for attorneys' fees, **GRANTS** the motion for pre-judgment interest, and **GRANTS** the motion for post-judgment interest.[1]

## II.    BACKGROUND

The facts of this case are well known to the parties, and the Court has previously summarized this case's background in its order on the parties' cross-motions for summary judgment.  ECF No. 63, at 2–9 ("MSJ Order"); *see Minit Mart LLC v. Synergy Petroleum Enters., Inc.*, No. 23-cv-02734-TSH, 2025 WL 1828470 (N.D. Cal. July 2, 2025).  The Court incorporates

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 9, 17.

by reference the factual background set forth therein.

On July 2, 2025, the Court granted summary judgment in Minit Mart's favor on its breach of contract claim and its claim for attorneys' fees and interest and directed Minit Mart to file an application for its reasonable attorneys' fees and pre - and post-judgment interest.  MSJ Order at 13, 22.  The Court granted the parties' stipulation to extend the deadline for Minit Mart to apply for attorneys' fees and interest to July 25, 2025.  ECF No. 67.  On July 25, 2025, Minit Mart filed its instant Motion for Attorneys' Fees and Interest.  ECF No. 68 ("Mot.").  On August 8, 2025, Synergy filed an Opposition.  ECF No. 72 ("Opp.").  On August 15, 2025, Minit Mart filed a Reply.  ECF No. 74 ("Reply").

Synergy filed a Notice of Appeal to the Ninth Circuit Court of Appeals on July 31, 2025.  ECF No. 70.

### III.    LEGAL STANDARD

The first issue in assessing any fee application is to determine the governing law.  "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."  *In re Cnty. of Orange*, 784 F.3d 520, 523–24 (9th Cir. 2015) (quoting *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427 (1996)); *see Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Rule 54 of the Federal Rules of Civil Procedure states, in relevant part:

> A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
> . . .
>
> Unless a statute or a court order provides otherwise, the motion must:
>
>> (i) be filed no later than 14 days after the entry of judgment;
>> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>> (iii) state the amount sought or provide a fair estimate of it; and
>> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(A), (B).  "Rule 54(d)(2) creates a procedure but not a right to recover attorneys' fees."  *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir.

1999) (citing 1993 Adv. Comm. Notes, Fed. R. Civ. P. 54(d)(2) (noting that Rule 54 (d)(2)

"establishes a procedure for presenting claims for attorneys' fees")).

In diversity actions, state law governs a party's entitlement to fees. *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013) ("[S]tate law on attorney's fees is substantive, so state law applies in diversity cases."). Here, the parties agree, and the Court has already found, that "Delaware law governs this dispute," as the parties' PSA provides for the application of Delaware law. MSJ Order at 11; *see also* Compl., Ex. A (PSA) at Section 35 (ECF No. 20) ("Applicable Law: This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware."). Delaware law requires that courts enforce fee shifting provisions where the fees requested are reasonable. *See Mahani v. Edix Media Grp., Inc.*, 935 A.2d 242, 245–46 (Del. 2007) (enforcing attorneys' fees provision after determining that requested attorneys' fees and expenses were reasonable).

## IV.    DISCUSSION

Minit Mart requests that the Court find that (1) Minit Mart's requested attorneys' fees in the amount of $754,583 "are reasonable"; (2) Minit Mart "is entitled to pre-judgment interest in the amount of $489,903"; and (3) Minit Mart "is entitled to post-judgment interest at $384.89 per day." Mot. at 1:9–11, 2:8–9.

In sum, the Court concludes that (1) it is appropriate for the Court to exercise its discretion to deny without prejudice Minit Mart's motion for attorneys' fees and permit Minit Mart to move for attorneys' fees after the appeal is final, if it is successful on appeal; (2) Minit Mart is entitled to pre-judgment interest at a rate of 10%, calculated as simple interest, in the amount of $441,095.89; and (3) Minit Mart is entitled to post-judgment interest calculated from July 2, 2025, at the rate of 3.98%.

### A.    Attorneys' Fees

Synergy argues that Minit Mart's motion for attorneys' fees should be denied as "premature" because "[a]ccording to the terms of the PSA, Minit Mart is not entitled to an award of attorney's fees until all appeal [*sic*] have been exhausted." Opp. at 2:24–3:11. Alternatively, Synergy argues that Minit Mart's requested attorneys' fees should be reduced. *Id.* at 1:27–2:23.

United States District Court
Northern District of California

Minit Mart contends that "Synergy forfeited its argument that attorneys' fees are premature," and that Minit Mart should be awarded the entire amount of its requested attorneys' fees.  Reply at 1:10–13.

"An appeal from a decision on the merits does not foreclose an award of attorney's fees pending resolution of such appeal."  *Lynwood Invs. CY Ltd. v. Konovalov*, No. 20-cv-03778-MMC, 2022 WL 17840270, at *2 (N.D. Cal. Dec. 20, 2022) (citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983)).  Under Rule 54, "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."  1993 Adv. Comm. Notes, Fed. R. Civ. P. 54(d)(2).  "District courts have widely exercised their discretion to defer ruling on a motion for attorneys' fees or to deny the motion without prejudice pending an appeal on the merits."  *Freeman Inv. Mgmt. Co., LLC v. Frank Russell Co.*, No. 13-cv-2856 JLS(RBB), 2017 WL 11420268, at *1 (S.D. Cal. Feb. 9, 2017).

Here, the parties do not dispute that under the PSA, a prevailing party is entitled to attorneys' fees and expenses.  The Court does not construe Synergy's argument in its Opposition as challenging the Court's previous summary judgment order on attorneys' fees as improper.  *See* Opp. at 2:24–3:11.  Synergy references the PSA in arguing that Minit Mart's "motion for attorneys' fees for 14 separate timekeepers is premature" because "the judgment issued by this Court is not a non-appealable final order."  *Id.*  The fee-shifting provision in the PSA states:

> In the event that either party seeks judicial interpretation or enforcement of this Agreement, upon a non-appealable final order, the prevailing party in such action shall receive from the non-prevailing party the legal fees and expenses of the prevailing party in addition to the other award(s) granted to the prevailing party therein.

PSA at Section 37.  The plain language of the PSA indicates that the prevailing party cannot "receive" attorneys' fees until "a non-appealable final order" issues.  *Id.*; *see Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*, 261 A.3d 1199, 1208 (Del. 2021) ("When a contract is clear and unambiguous, the court will give effect to the plain meaning of the contract's terms and provisions.") (cleaned up).  As such, the parties agreed that the prevailing party shall "come into

4

possession of" attorneys' fees after the existence of a non-appealable final order.  *See Receive*, The Merriam-Webster Dictionary, http://www.merriamwebster.com/dictionary/receive.  Therefore, based on the language in the PSA—along with Synergy's assertion that Minit Mart's motion for attorneys' fees is "premature"—Synergy appears to challenge an award for the value of services as premature, not the Court's previous decision that Minit Mart is entitled to attorney's fees under Delaware law.  *See* Opp. at 2:24–3:11; MSJ Order at 21–22; *see also* 1993 Adv. Comm. Notes, Fed. R. Civ. P. 54(d)(2) ("The court is explicitly authorized to make a determination of the liability for fees before receiving submissions by the parties bearing on the amount of an award.").

The Court agrees with other district courts that have encountered similar circumstances that it is appropriate for the Court to exercise its discretion to deny without prejudice Minit Mart's motion for attorneys' fees.  In *Paul Johnson Drywall Inc. v. Sterling Group LP*, a contract action, the district court addressed whether a party's attorneys' "fee request [was] premature."  No. CV-21-01408-PHX-DWL, 2025 WL 1169059, at *2 (D. Ariz. Apr. 22, 2025).  There, the parties' contract defined the term "Successful Party" as "the net winner of the overall dispute, as determined by a court of competent jurisdiction in a final non-appealable order."  *Id.*  The court held that the contract language was clear—a "final non-appealable" order was "a prerequisite to seeking a fee award" under the contract.  *Id.*  Similarly, here, as discussed above, a "non-appealable final order" is a prerequisite to the Court awarding attorneys' fees.  *See* PSA at Section 37.  Thus, as in *Paul Johnson*, Minit Mart "must wait until the conclusion of the appellate process before seeking a fee award," and the Court will exercise its discretion to extend the deadline for Minit Mart to file its motion for attorneys' fees.  *Cf. id.* at 2–3 (citing 1993 Adv. Comm. Notes, Fed. R. Civ. P. 54(d) ("A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.")).  In sum, the Court agrees with the *Paul Johnson* court that while this is an "unusual outcome," the Court cannot "override the parties' contractual agreement" but should instead deny the motion for attorneys' fees without prejudice under Rule 54.  *Id.*  Moreover, Delaware courts have also determined that attorneys' fee requests should be denied without prejudice in similar circumstances, albeit under state law, not

5

under Rule 54. *See NB Alternatives Advisers LLC v. VAT Master Corp.*, No. CV-2020-0930-SG, 2021 WL 1998475, at *2 (Del. Ch. May 19, 2021) (denying attorneys' fee request without prejudice where contract specified that prevailing party was entitled to "recover" attorneys' fees "upon the issuance of a final non-appealable judgment" and holding fee request was "not ripe in this action").

Further, in addition to the parties' intention as expressed in the PSA, other factors considered by courts adjudicating requests to stay attorneys' fees weigh in favor of not deciding the motion for attorneys' fees until after the appeal is final. First, there is no evidence that any party will be injured by a stay of an award of attorneys' fees pending appeal. *Cf. Lynwood*, 2022 WL 17840270, at *3 (explaining that while not dispositive, the absence of injury to any party weighs in favor of a stay). Second, deciding the motion for attorneys' fees after the appeal will conserve judicial resources as the motion involves $754,583 in requested attorneys' fees and extensive disagreement on the reasonableness of the fees. *See* Mot. at 2:8–9; Opp. at 3–15; *Cf. CoreCivic Inc. v. Candide Grp. LLC*, No. C-20-03792-WHA, 2021 WL 1267259, at *1, 6 (N.D. Cal. Apr. 6, 2021) (ruling that attorneys' fees would be decided after all appeals are exhausted in part due to "the bone-crushing labor required to vet the large amount of fees requested," where party moved for $211,222.80 in attorneys' fees). Indeed, whatever the Court's ruling on the motion for attorneys' fees, Minit Mart states that it will file a second motion for attorneys' fees if it is successful on appeal. *See* Reply at 1 n.1 ("Minit reserves the right to later pursue its fees from July and August, and any fees accrued at a hearing on this motion, and any fees accrued on appeal."). "Thus, under any scenario at the Ninth Circuit, the Court's efforts would either be moot or insufficient." *Cf. Freeman*, 2017 WL 11420268, at *1.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Minit Mart's motion for attorneys' fees. Any request for attorneys' fees must be filed within 14 days of the issuance of the Ninth Circuit's mandate in Synergy's pending appeal.

## B.     Pre-Judgment Interest

The parties agree that the applicable pre-judgment interest rate is 10%. Mot. at 13:4–5; Opp. at 15:6–7. The parties disagree on whether the pre-judgment interest should be computed as

compound or simple interest.[2] Mot. at 13:6–20; Opp. at 15:4–16.

Federal courts sitting in diversity apply state law to claims for prejudgment interest. *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007). "[I]nterest is a matter of right in Delaware"; however, trial courts have "discretion to reduce the amount of interest due, especially where the party seeking interest has caused delay." *Bell Atl.-Delaware, Inc./Verizon Delaware, Inc. v. Saporito*, 922 A.2d 414, at *3 (Del. 2007) (unpublished) (citing *Moskowitz v. Mayor and Council of Wilmington,* 391 A.2d 209, 211 (Del. 1978)).

Under Delaware law, pre-judgment interest "accumulates from the date payment was due the plaintiff[.]" *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 486 (Del. 2011) (citation omitted). In a breach of contract case, courts "look to the contract itself to determine when interest should begin to accrue." *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992); *see also Rexnord Indus., LLC v. RHI Holdings, Inc.*, No. CIV.A.07C-10-057RRC, 2009 WL 377180, at *9 (Del. Super. Ct. Feb. 13, 2009) (holding in breach of contract case that "prejudgment interest is to be calculated beginning at the time of the first breach . . ."). "Where there is no expressed contract rate, the legal rate of interest shall be 5% over the Federal Reserve discount rate[.]" Del. Code Ann. tit. 6, § 2301(a) (2012); *see Montgomery Cellular Holding Co. v. Dobler*, 880 A.2d 206, 225 (Del. 2005) (noting legal rate for pre-judgment interest is "defined by 6 *Del. C.* § 2301(a) as the federal discount rate plus 5%").

While "Delaware courts have traditionally disfavored compound interest," the Court of Chancery has "discretion . . . to award compound interest." *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 173 (Del. 2002). The Delaware Supreme Court has recognized that the historical practice of awarding simple interest poses challenges in modern financial markets. *See id.* ("The rule or practice of awarding simple interest, in this day and age, has nothing to commend it—except that it has always been done that way in the past.") (cleaned

---

[2] "Simple interest is interest paid on the *principal* only and not on accumulated interest. Compound interest, on the other hand, is interest paid on *both* the principal and the *previously accumulated* interest. Compound interest can be compound*ed* at different intervals such as annually, quarterly, monthly, or on a single occasion." *LCT Cap., LLC v. NGL Energy Partners LP*, No. N15-c-08-109-JJC-CCLD, 2023 WL 4102666, at *7 (Del. Super. Ct. June 20, 2023), *rev'd on other grounds*, 319 A.3d 335 (Del. 2024) (emphasis in original) (cleaned up).

United States District Court
Northern District of California

up); *see also Brown v. Ct. Square Cap. Mgmt., L.P.*, No. 2021-0262-KSJM, 2024 WL 1655418, at *2 (Del. Ch. Apr. 17, 2024) ("This historical practice, however, is problematic because market realities mean even the most unsophisticated of litigants are easily capable of earning compound interest through commercial lending and savings institutions.") (cleaned up), *aff'd*, 331 A.3d 1270 (Del. 2024).  However, in Delaware, only "the Court of Chancery can award compound interest, but the Superior Court cannot."[3]  *Brown*, 2024 WL 1655418, at *4; *see Rehoboth Marketplace Assocs. v. State*, 625 A.2d 279, at *1 (Del. 1993) (unpublished) (holding "compound interest on awards is not permitted under Delaware Law" in a Superior Court action at law).  This is because Chancery's equitable power to award pre-judgment interest at a rate different than the statutory rate also "permits it to award compound interest if the circumstances support it."  *LCT*, 2023 WL 4102666, at *8.

Here, Minit Mart requests that the Court award pre-judgment interest of 10% compounded monthly on the "$2,000,000 liquid damages award from the period of April 19, 2023 to July 2, 2025," for a "total judgment of $2,489,903."  Mot. at 13:16–19.  Alternatively, Minit Mart requests the Court award pre-judgment interest as simple interest, for a "total judgment of $2,441,095.89."  *Id.* at 13:19–20.  Synergy contends that "interest should be simple interest and not compound" but does not dispute the other parameters of Minit Mart's request.  Opp. at 15:4–16.

The Court agrees that the applicable period for pre-judgment interest is from April 19, 2023, to July 2, 2025.  The parties entered into the PSA on April 14, 2023.  MSJ Order at 3:2–4 (citing Compl. ¶ 7 (ECF No. 20); PSA)).  "The PSA provided for Synergy, as the buyer, to deposit $2 million in an escrow account as an earnest money deposit (the 'Earnest Money') within three business days of the PSA's effective date."  *Id.* at 3:6–8 (citing Compl. ¶¶ 7–8; PSA at Section 2.A).  Pre-judgment interest under Delaware law begins accruing on the date that Synergy

---

[3] Delaware maintains separate courts of law and equity.  "The Superior Court, the State's court of general jurisdiction, has original jurisdiction over criminal and civil cases except equity cases." *An Overview of the Delaware Court System*, Delaware Judiciary, *available at* https://courts.delaware.gov/overview.aspx.  "The Court of Chancery has jurisdiction to hear all matters relating to equity."  *Id.*

1   breached the PSA by failing to make the Earnest Money payment, April 19, 2023. *Rexnord*, 2009

2   WL 377180, at *9. And the Court entered judgment on July 2, 2025. *See* ECF No. 63.

3       The Court also agrees with the parties that the applicable pre-judgment interest rate is 10%.

4   *See* Mot. at 13:4–5; Opp. at 15:6–7. Minit Mart explains that a 10% interest rate is appropriate

5   because (1) "[o]n April 19, 2023, the Federal Reserve discount rate was 5.00%"; (2) Delaware law

6   adds 5% to the applicable Federal Reserve rate to determine the "legal rate"; and (3) adding 5%

7   per Delaware law to the applicable Federal Reserve rate of 5% results in a 10% pre-judgment

8   interest rate. Mot. at 12:17–18:5. The Court takes judicial notice of the fact that the Federal

9   Reserve discount rate on April 19, 2023, was 5%. *See* Fed. R. Evid. 201(b)(2) ("The court may

10  judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and

11  readily determined from sources whose accuracy cannot reasonably be questioned."); Mot. at

12  12:28–13:1 ("It is proper for the Court to take judicial notice that the Federal Reserve discount rate

13  on April 19, 2023 was 5.00%.") (citing *t'Bear v. Forman*, 359 F. Supp. 3d 882, 897 (N.D. Cal.

14  2019)).[4] Therefore, under Delaware law, Minit Mart is entitled to pre-judgment interest at a 10%

15  rate from the period of April 19, 2023, to July 2, 2025.

16      The Court concludes that simple interest is appropriate. Minit Mart argues that compound

17  interest is appropriate because the case involves sophisticated parties, and compounded interest

18  recognizes the "economic reality" of what Synergy earned by withholding the Earnest Money

19  payment. Mot. at 13:6–17. Synergy contends that simple interest is appropriate because "[i]t is

20  arguable whether the principals of Synergy are at the sophistication level of [Minit Mart] and its

21  parent company EG America," and Minit Mart "has already received the benefit of a 5% Federal

22  Discount Rate." Opp. at 15:4–16. Minit Mart responds that Synergy's arguments should be

23

24  _____

    [4] In support of its request, Minit Mart cites two documents from the website of the Board of
25  Governors of the Federal Reserve System. *See* Mot. at 12:22–28 (citing Minutes of the Board's
    Discount Rate Meetings from February 21 through March 22, 2023, *available at*
26  https://www.federalreserve.gov/newsevents/pressreleases/files/monetary20230418a1.pdf (setting
    5.00% interest rate effective March 23, 2023); Minutes of the Board's Discount Rate Meetings
27  from April 10 through May 3, 2023, *available at*
    https://www.federalreserve.gov/newsevents/pressreleases/files/monetary20230530a1.pdf
28  (increasing interest rate from 5.00% to 5.25% effective May 4, 2023)).

United States District Court
Northern District of California

1    deemed waived because they constitute "only conclusory, unsupported objections to compound

2    interest, without citations to authority."  Reply at 11:22–27.

3          To be sure, Synergy does not cite to any authority for its proposition that simple interest is

4    appropriate.  But—as a federal court sitting in diversity—the Court must use its best judgment to

5    predict how the Delaware Supreme Court would rule on the parties' dispute regarding pre-

6    judgment interest.  *See AGK Sierra De Montserrat, L.P. v. Comerica Bank*, 109 F.4th 1132, 1136

7    (9th Cir. 2024) ("[W]e use our own best judgment in predicting how the state's highest court

8    would decide the case.") (cleaned up).  As an action for breach of contract seeking damages, this

9    case would be heard in the Superior Court of Delaware.  *See* MSJ Order at 13:16–19 (noting that

10   "there is no dispute . . . that the liquidated damages provision is the sole remedy available to Minit

11   Mart"); *see, e.g., Diamond Fortress Techs., Inc. v. EverID, Inc.*, 274 A.3d 287, 291–92 (Del.

12   Super. Ct. 2022) (adjudicating breach of contract action seeking only economic damages).  The

13   Court is not aware of any case from the Delaware Supreme Court sanctioning the power of the

14   Superior Court of Delaware to award compound interest; however, lower courts interpret caselaw

15   from Delaware's high court as foreclosing the Superior Court from awarding compound interest.

16   *See LCT*, 2023 WL 4102666, at *8 ("[A] change in the common law that would permit the

17   Superior Court to award compound interest in these circumstances may be appropriate, but

18   mandatory authority provides only the Court of Chancery the discretion to do so."); *Brown*, 2024

19   WL 1655418, at *4 (explaining that in Delaware, only "the Court of Chancery can award

20   compound interest, but the Superior Court cannot").  And the Superior Court has held that simple

21   interest is appropriate in contract actions.  *See Rexnord*, 2009 WL 377180, at *9 ("Prejudgment

22   interest on a pure contract claim is usually simple interest, not compound interest."); *see also LCT*,

23   2023 WL 4102666, at *8 (observing that majority of Superior Court cases "have declined to award

24   compound interest" for claims at law).

25         In sum, the Court concludes that based on the available caselaw, the Delaware Supreme

26   Court would rule that compounded pre-judgment interest is not available in this case.  Indeed,

27   Minit Mart's cited cases in support of its proposition that "interested [*sic*] compounded monthly in

28   this case is appropriate" concern equitable actions from the Court of Chancery, not legal actions

from the Superior Court. *See* Mot. at 13:6–17 (citing *Williams Companies, Inc. v. Energy Transfer LP*, No. CV-12168-VCG, 2022 WL 3650176, at *6 (Del. Ch. Aug. 25, 2022); *Smith v. Nu-W. Indus.*, No. CIV.A.15442, 2001 WL 50206, at *1 (Del. Ch. Jan. 12, 2001)). Therefore, the Court concludes that pre-judgment interest should be calculated as simple interest.

Accordingly, the Court **GRANTS** Minit Mart's motion for pre-judgment interest and sets pre-judgment interest at 10% on the $2,000,000 liquid damages award, calculated as simple interest, from the period of April 19, 2023, to July 2, 2025. Under these parameters, the Court determines that Minit Mart is entitled to $441,095.89 in pre-judgment interest.[5]

## C.  Post-Judgment Interest

Minit Mart requests that the Court award "post-judgment interest in the amount of $384.89 per day until the judgment total is paid in full." Mot. at 14:4–5. Synergy does not address post-judgment interest in its Opposition. *See generally* Opp.; *see also* Reply at 12:9.

Post-judgment interest is available under federal law pursuant to 28 U.S.C. § 1961. Post-judgment interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. 28 U.S.C. § 1961(a).

Here, Minit Mart argues that the post-judgment interest rate is 4.33% based on an interest rate dated July 23, 2025. Mot. at 13:27–14:1. The Court disagrees. The average listed price for

---

[5] Simple interest "is calculated using the formula, $I = P \cdot r \cdot t$, where I represents the total simple interest, P represents the principal, *r* represents the interest rate expressed as a decimal, and *t* represents the time in years." *Salvatore v. Viking Sport Cruisers, Inc.*, No. CIV-09-4817-NLH/KMW, 2012 WL 6112072, at *2 (D.N.J. Dec. 10, 2012). Using this formula, the pre-judgment interest at 10% on the $2,000,000 liquid damages award, calculated as simple interest, from the period of April 19, 2023, to July 2, 2025, totals $441,095.89. *Cf. id.* at *2 nn.2–5. For 2023, interest is calculated as follows: the amount of judgment ($2,000,000), the interest rate (10%), and the time in years is the number of days interest accrued during 2023 (i.e., 257 days) divided by the total number of days in the year (i.e., 365 days). Accordingly, $2,000,000 \cdot .10 \cdot (257/365) = $140,821.92. *Cf. id.* For 2024, interest is calculated as follows: the amount of judgment ($2,000,000), the interest rate (10%), and the time in years is the number of days interest accrued during 2024 (i.e., 366 days) divided by the total number of days in the year (i.e., 366 days). *Cf. id.* Accordingly, $2,000,000 \cdot .10 \cdot (366/366) = $200,000.00. And, for 2025, interest is calculated as follows: the amount of judgment ($2,000,000), the interest rate (10%), and the time in years is the number of days interest accrued during 2025 (i.e., 183 days) divided by the total number of days in the year (i.e., 365 days). Accordingly, $2,000,000 \cdot .10 \cdot (183/365) = $100,273.97. *Cf. id.*

United States District Court
Northern District of California

the week ending June 27, 2025, is 3.98%.  *See Post-Judgment Interest Rates*, U.S. District Court for the Northern Marina Islands, *available at* https://www.nmid.uscourts.gov/post-judgment-interest-rates.[6]  As such, post-judgment interest shall be calculated from July 2, 2025, at the rate of 3.98%.

Minit Mart requests the Court award post-judgment interest on "the full amount of the award, including pre-judgment interest and attorneys' fees."  Mot. at 13:21–22.  However, as discussed, the Court denies without prejudice Minit Mart's request for attorneys' fees.  Thus, the Court cannot award post-judgment interest on attorneys' fees that have not yet been awarded.

Accordingly, the Court **GRANTS** Minit Mart's motion for post-judgment interest and sets post-judgment interest at 3.98% on the entire judgment from the date of the judgment to the date of satisfaction pursuant to 28 U.S.C. § 1961.

## V.    CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Minit Mart's motion for attorneys' fees.  Minit Mart may file a motion for attorneys' fees on or before fourteen (14) days after the mandate issues in Synergy's appeal to the Ninth Circuit.  The Court **GRANTS** the motion for pre-judgment interest and **GRANTS** the motion for post-judgment interest.  The Court will issue an amended judgment reflecting the award of pre- and post-judgment interest.

**IT IS SO ORDERED.**

Dated: October 3, 2025

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

---

[6] The average weekly rates are also available on the Federal Reserve's website through the Data Download program.  *See* https://www.federalreserve.gov/releases/h15/.

12